UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| William Lyman, | Case No. 21-cv-2386 (KMM/ECW) |
| Plaintiff, | |
| v. | **ORDER** |
| Gas Gathering Specialists, Inc., | |
| Defendant. | |

This matter came before the Court on Defendant's Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a). [ECF No. 16]. The Court held a hearing on the Motion on May 19, 2022. [ECF No. 37]. The Court granted Defendant's Motion from the bench for the reasons fully stated on the record. That reasoning is briefly summarized below.

When deciding a motion to transfer venue, courts typically consider "(1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice." *Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). To determine the interests of justice, courts generally consider:

> (1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law.

*Id.* at 696. The burden is on the party seeking transfer to show that these factors weigh in their favor. *Oien v. Thompson*, 824 F. Supp. 2d 898, 903 (D. Minn. 2010). In the present

1

case, the Court found that the relevant factors,[1] save for one, weigh heavily in favor of transfer to the Western District of Texas, Midland/Odessa Division.

Specifically, the Court found that the only connection this case has to the District of Minnesota is the fact that Mr. Lyman worked here for two of the thirty-six months at issue. Mr. Lyman does not reside in Minnesota, nor do any of the witnesses or any of the evidence. Indeed, the substantial majority of witnesses and evidence are in Texas. *Coast-to-Coast Stores, Inc. v. Womack-Bowers, Inc.*, 594 F. Supp. 731, 734 (D. Minn. 1984) (granting motion to transfer because the majority of the parties, witnesses, evidence, and events were in or more closely connected to the transferee venue). The Court explained that the question of convenience weighed heavily in favor of transfer.

With respect to the interests of justice, the Court found that allowing this case to proceed in this district would create a substantial risk of contradictory judgments with a very similar action currently pending in the Western District of Texas, as the two cases involve substantially the same class members, defendants, and issues of fact and law. *See De Leon v. N. Natural Gas Co.*, No. 7:20-cv-179-DL-RCG, 2021 WL 2431307 (W.D. Tex. Apr. 4, 2021). For the same reasons, as well as the fact that Defendant's offices and both parties' counsel are located in Texas, the Court found that it would be wasteful of

---

[1] The Court found that the parties' ability to enforce a judgment, obstacles to a fair trial, and the question of analyzing their own laws, were either not relevant in this case or did not support either jurisdiction over the other.

judicial and party resources to permit this case to continue in this district. Accordingly, the Court concluded that all of the relevant factors, save for the plaintiff's choice of forum, strongly favor transfer.

The Court explained that, for several reasons, Plaintiff's choice to sue in Minnesota deserves little to no weight in this case. While "there is ordinarily a strong presumption in favor of the plaintiff's choice of forum," that presumption is not unwavering. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981). First, it is "much less reasonable" to assume that a plaintiff chose a district in which he does not live for convenience purposes. *Id.* at 255–56; *In re Apple, Inc.*, 602 F.3d 909, 913 (8th Cir. 2010) (stating that "[a] foreign plaintiff's choice of forum is entitled to substantially less deference" in part because there is an increased risk that "the plaintiff chose the forum to take advantage of favorable law or to harass the defendant"). Mr. Lyman lives in Iowa—not Minnesota. The plaintiff's choice is also afforded less deference where "the transaction or underlying facts did not occur in the chosen forum," *Nelson v. Soo Line R. Co.*, 58 F. Supp. 2d 1023, 1026 (D. Minn. 1999), or "where a case is brought as a nationwide class action," *Guiette v. U.S. Bank Nat'l Ass'n*, No. 17-cv-1859 (DWF/DTS), 2017 WL 6001738, at *6 (D. Minn. Dec. 4, 2017). Finally, choice of forum is afforded no weight where the decision was "based on impermissible forum shopping." *Merrick Bank Corp. v. Savvis, Inc.*, No. 4:08CV00674 ERW, 2008 WL 5146660, at *5 (E.D. Mo. Dec. 8, 2008). For these reasons, the Court held that if Mr. Lyman's choice of forum were due

3

any deference in this case, it is certainly not enough to counter the overwhelming weight of the other factors in favor of transfer.

Accordingly, for the foregoing reasons and those stated on the record at the hearing, **IT IS HEREBY ORDERED that**:

1. Gas Gathering Specialists, Inc.'s, Motion to Transfer Venue [ECF No. 16] is **GRANTED**; and

2. Venue shall be transferred to the United States District Court for the Western District of Texas, Midland/Odessa Division.

Date: May 24, 2022

    *s/Katherine Menendez*
Katherine Menendez
United States District Judge

4